CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 3 1 2006

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RINEL FERDINAND,<br>　　　Petitioner, | Civil Action No. 7:06CV00179 |
| v. | **MEMORANDUM OPINION** |
| TERRITORIAL COURT OF THE<br>VIRGIN ISLANDS, DISTRICT OF<br>SAINT CROIX,<br>　　　Defendant. | By Hon. Glen E. Conrad<br>United States District Judge |

The petitioner, Rinel Ferdinand, a Virginia inmate proceeding pro se, filed this action as a petition for writ of mandamus. For the following reasons, the court concludes that the action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1]

Background

Ferdinand was convicted of first degree murder in the United States Virgin Islands in 1998. In 2002, he was transferred to Wallens Ridge State Prison, pursuant to an agreement between the Virgin Islands and the Commonwealth of Virginia.

Ferdinand alleges that he has two cases currently pending in the Territorial Court of the Virgin Islands. Both cases were filed in 2005. Case Number 505/2005 challenges the validity of his conviction. Case Number 359/2005 challenges his conditions of confinement at Wallens Ridge. Ferdinand alleges that he mailed a letter to the judge assigned to Case Number 359/2005 on January 2, 2006. However, Ferdinand has received no response. Ferdinand also alleges that he has received no response to the motion for summary judgment filed in Case Number 505/2005 on February 8, 2006. In his present petition, Ferdinand seeks a writ of mandamus

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

directing the Territorial Court to act on his pending cases.

## Discussion

The jurisdiction to issue writs of mandamus to another court exists when a court has potential appellate jurisdiction. See In re Richards, 213 F.3d 773, 778 (3d Cir. 2000); 28 U.S.C. § 1651. Consequently, because this court does not have potential appellate jurisdiction over the Territorial Court of the Virgin Islands, the court is without jurisdiction to grant Ferdinand the relief he seeks.[2]

The court notes that even if Ferdinand's petition was construed as an action for injunctive relief, pursuant to 42 U.S.C. § 1983, it would still be subject to dismissal. The Territorial Court is not a "person" amenable to suit under § 1983. See Eddy v. Virgin Islands Water and Power Authority, 955 F. Supp. 468, 476 (D.C. V.I. 1997) ("Just as a state is not a 'person', so a territory is not a 'person' as defined in section 1983."); Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995) (holding that a state court is not a "person" under § 1983 and citing cases from other circuits).

For the reasons stated, Ferdinand's petition must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent, if known.

ENTER: This 31st day of March, 2006.

/s/ Glen E. Conrad
United States District Judge

---

[2]The court notes that in In re Richards, the United States Court of Appeals for the Third Circuit held that because the United States District Court for the Virgin Islands does have appellate jurisdiction over the Territorial Court, the District Court can issue a writ of mandamus to that court. In re Richards, 213 F.3d at 781. Therefore, it appears that the petitioner should seek relief in the United States District Court for the Virgin Islands.

2